# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9921 | **DATE** | 4/10/2002 |
| **CASE TITLE** | Tonja Treadway vs. Gateway Chevrolet, Oldsmobile, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant moves to dismiss for failure to state a claim. That motion is granted in part and denied in part. Status hearing set for April 30, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | APR 1 2 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | IS | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TONJA TREADWAY, )
)
      Plaintiff, )
)
vs. ) No. 01 C 9921
)
GATEWAY CHEVROLET, )
OLDSMOBILE, INC., )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Defendant moves to dismiss for failure to state a claim. That motion is granted in part and denied in part.

Plaintiff contends that defendant violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681. She alleges that defendant regularly arranges for the extension of credit to consumers for the purchase of automobiles, that it selects creditors to whom it applies, that it attempted to arrange financing for plaintiff, and that it failed. She claims that defendant failed to notify her in writing about the adverse credit action, and that its failure violated 15 U.S.C.§1691(d). She also alleges that defendant took adverse action against her based on information contained in a credit report and did not provide the disclosure required by 15 U.S.C. §1681m.

Defendant contends that a violation of ECOA requires discrimination, and plaintiff has failed to allege that she is a member of a protected class. Plaintiff responds by arguing that Swierkiewicz v. Sorema, 122 S.Ct. 992, 997 (2002), decides otherwise. But that is not so. In Swierkiewicz the plaintiff alleged national original discrimination; he did not have to allege how he expected to prove it. Here there is no allegation of discrimination. Plaintiff's only

ECOA claim (despite some hints in her responsive memorandum about a black woman discrimination claim) is that defendant failed to provide her with a written statement of reasons for the adverse credit action. That notification requirement extends to all applicants. Jochum v. Pico Credit Corp. of Westbank, Inc., 730 F.2d 1041, 1048 (5th Cir. 1984). Does that duty extend to defendant, who only attempted to arrange financing? Perhaps. Arguably, §1691(d)(4) required defendant to at least pass through any adverse credit actions reported to it. At least we are not prepared to say otherwise in the absence of any discussion of the matter by the parties. But if plaintiff means to charge discrimination she will need to amend her complaint to specifically so allege. For now, though, the limited claim now alleged in count I survives the motion to dismiss.

We do, however, dismiss count II. Plaintiff claims that defendant attempted to arrange financing, but it failed. Perhaps the financing sources approached by defendant relied upon consumer credit reports or upon the information supplied by defendant or, perhaps, they had no good reason at all to refuse credit. But the supplying of information does not make defendant a user of credit reports. Lema v. Citibank (South Dakota), N.A., 935 F.Supp. 695 (D. Md. 1996). Plaintiff suggests that maybe defendant relied on credit reports in deciding not to itself extend credit. But there is no such allegation and, before it could be made, Federal Rule of Civil Procedure 11 would appear to require some basis for a belief that defendant extends credit. Plaintiff comes up with another possibility as well, but that possibility cannot be gleaned from the present allegations.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 10, 2002.