

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9921 | **DATE** | 6/12/2003 |
| **CASE TITLE** | Tonja Treadway vs. Gateway Chevrolet etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the above reasons, Gateway's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 1 3 2003 | |
| | Notified counsel by telephone. | | date docketed | 41 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 JUN 12 PM 1:25 FILED-ED 10 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 1 3 2003

TONJA TREADWAY,           )
                          )
         Plaintiff,       )
                          )
    vs.                   )    No. 01 C 9921
                          )
GATEWAY CHEVROLET,        )
OLDMOBILE, INC.,          )
                          )
         Defendant.       )

## MEMORANDUM OPINION AND ORDER

Plaintiff Tonja Treadway brought this action against defendant Gateway Chevrolet, Oldsmobile, Inc. (Gateway), alleging violations of the Equal Credit Opportunity Act (ECOA). 15 USC § 1691, and the Fair Credit Reporting Act (FCRA), 15 USC § 1681. On April 12, 2002, Gateway's motion to dismiss the complaint was granted in part and denied in part. The one remaining claim is that Gateway failed to notify plaintiff of an adverse credit action, as required by the ECOA. Gateway now moves for summary judgment. For the following reasons, Gateway's motion is granted.

## BACKGROUND

Gateway is in the business of selling new and used motor vehicles. On October 17, 2001, plaintiff went to Gateway's showroom hoping to purchase a car. While the parties dispute the legal significance of the events that led up to plaintiff's arrival, what occurred is generally undisputed. After filing for bankruptcy in March 2001, plaintiff received a letter in the mail stating that she was pre-approved for a car and to call a 1-800 number (*Treadway dep., p.19*). She called the number and gave the phone representative her name, address, social



security number and birth date *(id., pp.29-30)*. She was told that this information would be passed along to a car dealer in her area and that she would be contacted *(id., p.20)*. A couple of hours after that phone call she received a call from someone at Gateway and she set up an appointment to go to their showroom later that week *(id., pp.22-23)*. When she did not show up for that appointment she received multiple calls from Gateway, the last on October 17, 2001, from a manager, encouraging her to come to the showroom. *Id.*

While he did not work with plaintiff, Gateway finance manager Robert Labno has provided an affidavit describing the process usually followed in a car sale involving financing. According to Labno, and not disputed by plaintiff, Gateway does not provide financing itself for the cars it sells and leases; rather, it assists customers in obtaining financing through a separate lender *(Labno, ¶¶ 3, 4)*. Gateway generally requires a customer to complete a credit application and then obtains a credit report on that customer *(Labno, ¶ 5)*. It then reviews the credit report and determines whether it is worthwhile to submit the credit application to a lender *(Labno, ¶¶ 6, 7)*.

It is clear that Gateway obtained plaintiff's credit report on October 17, 2001, and that no inquiry from a lender subsequently appears on her report *(Gateway stmt. of facts, exh. C)*. According to plaintiff, she was told by a sales representative that he had found someone who could finance her as long as she could get someone to go on the paperwork with her *(Treadway dep., p.34)*. Plaintiff then called her godmother, Pearlie Smith (Smith), from the showroom, and the sales representative allegedly told Smith that she was needed to go in on the paperwork with plaintiff *(id., p.37)*. Smith gave her social security number, gave permission for a credit check, and later that night signed papers brought to her house by plaintiff and a

Gateway sales representative *(id., p.49)*. Plaintiff also allegedly signed papers at the dealership, and drove the car off the lot. *Id.*

The next month Smith received a statement from Household Finance requesting the monthly payment (i*d., p.63)* Plaintiff called Household and was allegedly told that she had been denied credit and that the actual owner of the car was Smith *(id., p.65)*. Plaintiff made the first monthly payment to Household, but stopped paying after that and filed this lawsuit *(id., p.67)*.

## DISCUSSION

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We draw all inferences and view all admissible evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Plaintiff claims that Gateway violated a disclosure requirement of the ECOA which provides that a creditor must notify credit applicants in writing if there is an adverse action taken against them. 15 U.S.C. § 1691(d)(2). Gateway seeks summary judgment on two independent grounds, first, that it is not a creditor as contemplated by the statute, and second, that no adverse credit decision was made since no application for financing was submitted on plaintiff's behalf. The term "creditor" includes "a person who in the ordinary course of business regularly refers applicants or prospective applicants to creditors, or selects or offers to select creditors to whom requests for credit may be made." 12 C.F.R. § 202.2(1). Gateway falls safely within this definition. *See* Mungia v. Tony Rizza Oldsmobile, Inc., 2002 WL 554504

*1 (N.D.Ill.); Leguillou v. Lynch Ford, Inc., 2000 WL 198796, * 4 (N.D.Ill.).

The more difficult question is whether the factual scenario here, seen in the light most favorable to the plaintiff, triggered the disclosure requirement. As a preliminary matter, the parties have filed motions to strike evidence relied upon in the briefs. Whatever oath defects Labno's affidavit may have contained were cured in its re-submitted version and we rely on it accordingly. Insofar as plaintiff's additional statement of facts are immaterial or inadmissable, we do not rely on them in our decision. As evidenced above, we have gleaned the facts relevant to this motion from plaintiff's deposition and certification. Gateway has also asked us to deem admitted any of its statement of facts which plaintiff denies, since she failed to cite the record to support her denial. Instead, we look to the depositions and affidavits to determine what disputed issues are supported by testimony.

Gateway first argues that plaintiff never submitted an application. Plaintiff has provided evidence to support a finding that she submitted an oral application to Gateway in the information passed on from the 1-800 number, as well as the alleged information she provided to the sales representative at the showroom. There is no evidence, however, that this application went beyond the internal investigation of the Gateway office. From all appearances, the Gateway employees made the determination that in order to complete a sale they would have to find someone other than plaintiff to buy the car for her. This they did (although it seems that they did not clearly communicate this plan to plaintiff or Smith.) Having decided the course of action, Gateway submitted only Smith's information to a finance agency.

Plaintiff paints a bleak picture of the business practices employed by Gateway, but these broader sales tactics, problematic though they may be, are not at issue here. The narrow

question before us is whether Gateway's decision to not submit her application to a lender constitutes an adverse action requiring notification under section 1691(d)(2). The caselaw in this area, including the case upon which plaintiff heavily relies, Mungia v. Rizza, *supra*, involves dealers who attempted to obtain financing from third party lenders. This submission to a lender who will make the ultimate credit decision seems central to the disclosure requirement. Gateway did not deny plaintiff's credit application, it rejected the option to submit the application for approval or denial. If Gateway had submitted the application to a lender and the lender had denied credit, then, arguably, Gateway would have had to notify plaintiff of this action in writing. But this scenario is not supported by the facts before us. There appear to be failures of communication on the part of Gateway, but, unfortunately for plaintiff, nothing that gives rise to liability under the EOCA.

## CONCLUSION

For the above reasons, Gateway's motion for summary judgment is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 12, 2003.